IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEANGLO JOYCE, # 192555, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:18cv760-MHT |
| | ) [WO] |
| CHRISTOPHER GORDY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Tony Deanglo Joyce. Doc. # 1. Joyce challenges his 1997 capital murder conviction and sentence of life without parole entered against him by the Circuit Court of Montgomery County, Alabama. He alleges that his conviction was obtained through the State's suppression of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). For the reasons that follow, it is the recommendation of the Magistrate Judge that Joyce's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## **DISCUSSION**

The instant petition represents Joyce's third habeas petition under 28 U.S.C. § 2254 challenging his capital murder conviction and sentence of life without parole. Joyce filed his first § 2254 petition with this court in November 2002. *See Joyce v. Culliver, et al.*, Civil Action No. 2:02cv1321-WHA (M.D. Ala. 2003), Doc. # 1. In that habeas action, this

court denied Joyce relief, finding his habeas application to be time-barred under the federal limitation period in 28 U.S.C. § 2244(d)(1). *See id.*, Docs. # 11, 17 & 18.

Joyce filed a second § 2254 petition with this court in September 2008. *See Joyce v. Culliver, et al.*, Civil Action No. 2:08cv743-WHA (M.D. Ala. 2004), Doc. # 1. That petition was denied and dismissed under 28 U.S.C. § 2244(b)(3) because Joyce failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application. *See id.*, Docs. # 4–6.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

Joyce's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b).[2] Joyce furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Joyce] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

---

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[2] As noted above, Joyce's first § 2254 petition was denied as time-barred under the federal limitation period in 28 U.S.C. § 2244(d)(1). Denial of a habeas petition "counts" as an adjudication on the merits for purposes of the successive petition rules in 28 U.S.C. § 2244(b). *See, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

3

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Joyce's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and that this action be DISMISSED under the provisions of 28 U.S.C. § 2244(b)(3)(A), as Joyce has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **September 12, 2018**, the petitioner may file objections to the Recommendation. The petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 29th day of August, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE